Doyle *v.* True.

_____

(*) Doyle *versus* True.

When logs of different owners have been intermixed in the drive, the lien of the drivers extends to the logs of each owner, not however to an amount beyond his proportion of all the drivers' services.

Doyle *v.* True.

Where a laborer, having a lien for assisting to drive intermingled logs of different ownerships, has, in order to enforce his lien, rightfully and seasonably attached a part of the logs; if the officer, seasonably having the execution, refuse to sell the logs thereon, he will be liable for such refusal, unless he make it to appear that such sale would take more in value of the logs of some one of the owners than to the amount of his indebtedness under the lien.

On Report from *Nisi Prius,* Appleton, J., presiding.

Case, against the sheriff for the default of his deputy.

Three or four owners of logs of six different marks, to the value of $5000, contracted with one Stinson to drive them. Stinson employed the plaintiff with others to do the work. In the course of the drive, all the logs became intermingled. Certain proofs offered in defence are noticed in the opinion of the Court.

The plaintiff brought an action against Stinson and, in order to secure his lien, seasonably caused the logs of certain of those marks to be attached. The defendant's deputy made the attachment, having been indemnified for so doing. The plaintiff, having obtained judgment in that suit, (debt $84,40, cost $22,92,) seasonably placed the execution in the hands of the deputy, with directions to levy it upon the logs attached. This the deputy neglected to do, and the execution has never been returned.

It is for this neglect, that the present action is brought.

The parties agree that the Court may draw inferences of fact, and order a nonsuit or default, as the law shall require.

*Wakefield,* for the plaintiff.

*J. H. Hilliard,* for the defendant.

Shepley, C. J. — It is admitted, that the deputy of the defendant returned an attachment of logs of certain marks named, of sufficient value to pay the debt and costs, on a writ in favor of the plaintiff against Thomas Stinson. That he was indemnified for so doing ; that an execution issued on a judgment recovered in that suit was in possession of that deputy within thirty days after judgment, with orders to levy on the property attached; and that he neglected to do it ;

that the labor, for which that judgment was obtained, was performed by the plaintiff by " driving logs, masts and spars of six several marks alleged in said writ ; and that said Stinson had contracted to drive said lumber, with the owners thereof."

The plaintiff acquired a lien upon those logs, for payment of his labor upon them, by the provisions of the Act approved on August 10, 1848, c. 72.

Proof was offered in defence, that those logs were " owned by three or four individuals in different proportions, some owning one mark and some another of the six marks, and that they were all mingled in one drive and run together; and that the value of all the logs was at least $5000."

It does not appear, that they were not so " mingled in one drive" by the consent of the owners. Or that more of the property of any one owner, would necessarily have been sold, than would pay the amount for driving his own logs.

There is nothing in the facts admitted, or proposed to be proved to show, that the deputy would have been required to take the property of one person to pay the debt of another, when such person had done nothing to subject it to such liability ; or that he would have been required to do any unlawful act, by making sale of the property attached. The defence entirely fails. *Defendant defaulted.*

Tenney, Appleton, Hathaway and Rice; J. J., concurred.